IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRVIN WILLIAMS, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3468-B-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), has filed a Motion to Dismiss. *See* Dkt. No. 10. For the reasons explained below, the motion should be GRANTED.

**Background**

Plaintiff applied for disability and disability insurance benefits on June 20, 2012. An administrative law judge ("ALJ") denied Plaintiff's claim on July 24, 2015. Plaintiff requested that the Appeals Committee review the ALJ's denial. In a September 1, 2016 letter, the Appeals Committee denied Plaintiff's request for review and mailed Plaintiff a copy of the denial. Plaintiff requested an extension of time to file a civil action on November 3, 2016. The Appeals Council denied the request for extension of time on December 16, 2016. Plaintiff then filed his complaint against the Commissioner of the Social Security Administration on December 20, 2016 seeking

-1-

judicial review of the Commissioner's denial pursuant to Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff claims that the proper legal standards were not used to evaluate his claim, the findings of fact were not supported by substantial evidence, and the conclusions are contrary to the law and regulations. *See* Dkt. No. 1 at 2. Plaintiff asks the Court to reverse or modify the Commissioner's final decision and find that Plaintiff is entitled to a period of disability and disability insurance benefits under the Social Security Act. *See id.*

Defendant filed a Motion to Dismiss arguing that Plaintiff's complaint must be dismissed for failing to file within the 60-day statute of limitations. Plaintiff requested and was granted an extension of time until April 13, 2017 to file a response to the motion to dismiss. Plaintiff did not file a response.

The Court converted the motion to dismiss to a motion for summary judgment on May 2, 2017 and ordered Plaintiff to file a written response and present all material pertinent to the motion by May 23, 2017. Plaintiff did not file a response.

The motion for summary judgment is now ripe for review.

## Legal Standards

Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment. In *Triplett v. Heckler*, the Fifth Circuit found that the lower court erred when it applied Federal Rule of Civil Procedure 12(b)(1) to the Commissioner's motion to dismiss for exceeding the 60-day deadline when it should have converted the Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment. 767 F.2d 210,

211-12 (5th Cir. 1985). Rule 56(c) governs the standard of review because the 60-day timeliness requirement is an affirmative defense for exceeding the statute of limitations, not a jurisdictional bar, and the lower court considered materials outside the pleadings. *See id.*

As in *Triplett*, the Commissioner has raised the statute of limitations as an affirmative defense and attached a declaration to support its Motion to Dismiss that requires the Court to look outside the pleadings. Thus, Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment.

Under Rule 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.,* 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry,* 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set

forth"-and submit evidence of "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.; Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc., All* U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.,* 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little,* 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers,* 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little,* 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indent. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.,* No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.,* 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in

favor of the non-moving party." *Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002).

**Analysis**

To bring a claim under Section 205(g) of the Social Security Act, Plaintiff must show that he brought his complaint within the 60-day statute of limitations or that he has equitable grounds for tolling the statute of limitations.

Judicial review of Title XVI Social Security disability claims is limited to actions brought within 60-days after notice of the final decision is mailed. *See* 42 U.S.C. § 405(g). Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. *See* 20 C.F.R. §§ 404.981. Mailing is presumed to be five days after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council. *See id.* §§ 404.901, 416.1401, 422.210(c). Thus, the deadline for filing an action is 65 days from the date of the denial notice. Congress imposed this strict statute of limitations "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The finality of the Commissioner's decision is also emphasized in the federal statute stating that no decision by the Commissioner is reviewable except as provided under Section 205(g). *See* 42 U.S.C. § 405(h).

The Plaintiff did not file his complaint within the 60-day statute of limitations. Plaintiff's notice of the Commissioner's final decision is dated September 1, 2016, and

Plaintiff filed his complaint on December 20, 2016 – 45 days after the presumptive 65-day cutoff. Thus, Plaintiff's complaint is untimely.

As the movant for summary judgment, Defendant has established beyond peradventure that Plaintiff failed to bring his claim within the 60-day statute of limitations or to raise equitable grounds for tolling the statute of limitations. Thus, Defendant has shown that no actual controversy exists and is entitled to summary judgment as a matter of law.

**Conclusion**

Defendant's Motion to Dismiss [Dkt. No. 10] is converted into a Motion for Summary Judgment and should be GRANTED, and Plaintiff's Complaint [Dkt. No. 1] should be DISMISSED with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE